# IN THE COURT OF APPEALS OF IOWA

No. 15-0099
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NATHANIEL CUMMINGS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, James D. Coil,

District Associate Judge.


        A defendant appeals following his conviction for domestic abuse assault

causing bodily injury.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Patricia A. Reynolds,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


        Considered by Danilson, C.J., Potterfield, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Nathaniel Cummings appeals following a jury verdict finding him guilty of domestic abuse assault causing bodily injury. He claims on appeal the evidence is not sufficient to support his conviction and his trial counsel was ineffective in failing to move for a new trial based on the weight of the evidence. He also claims the district court erred in not granting a mistrial when prior-bad-acts evidence was admitted. We affirm his conviction.

**I. Background Facts and Proceedings.**

On March 20, 2014, Cummings spent the night in Waverly at the home belonging to the mother of his two children, Shelby Miller. The next morning after getting herself and the children ready for the day, Miller woke up Cummings, telling him he needed to find a ride back to his home in Waterloo. Cummings told Miller she needed to take him home, but she informed him she did not have time to take him to Waterloo because she needed to get the children to school and get to her job in Cedar Falls before 9 a.m. Cummings berated Miller at home and in the vehicle, a Ford Focus, as the two dropped the children off at school. Miller then drove back home to allow Cummings to retrieve items out of Miller's other vehicle, a Lincoln Town Car. Cummings continued the verbal assault on Miller, who then agreed to try to take Cummings to Waterloo on her way to work. However, she informed him that if there was not enough time, he would need to find a ride home from her place of employment.

When Miller realized she could not drop Cummings at his home in Waterloo and get to work on time, she exited the highway to make her way to her place of employment. Cummings became increasingly angry, and Miller called

her father and then called 911 from her cell phone. Cummings terminated both calls using the buttons on the vehicle's Bluetooth connection. Cummings's actions in terminating both phone calls made Miller feel like "things were going to get out of control."

Miller drove into her parking lot at work and attempted to retrieve the set of keys for the Town Car out of Cummings's pocket. Miller grabbed ahold of Cummings's sweatshirt, preventing him from exiting the car. Cummings then kicked Miller in the chest from the passenger side of the vehicle, losing his shoe in the process. Miller was unsure whether the kick was meant for her or the center console, but she picked up Cummings's shoe and attempted to use it as leverage to get the Town Car keys from Cummings. As Cummings exited the vehicle, he took the keys for the Focus from the ignition and swung a plastic ice scraper at Miller, though it did not hit Miller.

The parties continued to yell at each other outside of the vehicle; Cummings demanding the return of his shoe, and Miller demanding the return of the keys. Cummings threw the Focus keys across the parking lot. When Miller headed to retrieve the keys, Cummings followed, trying to grab his shoe from Miller's arm. Miller again attempted to call 911, but Miller dropped the phone and the call was disconnected when Cummings grabbed Miller's purse, ripping it from her arms and spilling its contents onto the parking lot. Still attempting to get his shoe, Cummings grabbed Miller's left wrist and squeezed hard, leaving marks and drawing blood. Miller released Cummings's shoe, and Cummings returned Miller's broken purse. As Cummings walked away, he threw the Town Car keys at Miller telling her to call the police because he was ready to go back to prison.

Miller then called 911 and informed the police officer what had occurred. Cummings was located at a nearby store and eventually arrested for domestic abuse assault.

The case proceeded to a jury trial on October 21, 2014. After the jury found Cummings guilty as charged, he was sentenced to 365 days in jail, ordered to pay a $315 fine plus a 35% surcharge, and assessed court costs, court-appointed attorney fees, and victim restitution, if any. He was also ordered to complete an Iowa domestic abuse program, and a five-year no-contact order was entered. Cummings now appeals.

## II. Scope and Standard of Review.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We consider all the evidence in the light most favorable to the State, including all reasonable inferences. *Id.* at 439–40. We will affirm the verdict if substantial evidence supports it. *Id.* at 440.

Cummings raises his challenge to the weight of the evidence as an ineffective-assistance-of-counsel claim, which we review de novo because the claim implicates the Sixth Amendment right to counsel. *State v. McCoy*, 692 N.W.2d 6, 14 (Iowa 2005). Cummings must prove his trial counsel failed to perform an essential duty and this failure resulted in prejudice to him. *Id.* While we do not normally decide claims of ineffective assistance on direct appeal, we will address the claim when the record is clear. *Id.*

A district court's ruling on a motion for mistrial is reviewed for an abuse of discretion. *State v. Jirak*, 491 N.W.2d 794, 796 (Iowa Ct. App. 1992). Trial

courts are in a better position to gauge the effect of the conduct complained of, so we will not find an abuse of discretion except where there is no support in the record for the trial court's determination.  *Id.*

## III.  Sufficiency and Weight of the Evidence.

To be convicted of domestic abuse assault, the jury had to find:

1.  On or about March 20, 2014, the defendant committed an act:
      a.  which was intended to cause pain or injury to Shelby Miller,
          or
      b.  which was intended to result in physical contact which was insulting or offensive to Shelby Miller,
          or
      c.  which was intended to place Shelby Miller in fear of immediate physical contact which would have been painful, injurious, insulting, or offensive to her.
2.  The defendant had the apparent ability to do the act.
3.  The defendant's act caused a bodily injury to Shelby Miller as defined in Instruction No. 10.
4.  The defendant and Shelby Miller were the parents of the same minor children.[1]

Cummings maintains on appeal there was insufficient evidence to prove his actions were intended to cause pain or injury, were intended to result in insulting or offensive physical contact, or were intended to place Miller in fear of contact that would have been painful, injurious, insulting, or offensive.  He claims the evidence proves he only had the intent to get away from Miller and to get his shoe back.

The evidence in the record establishes Cummings verbally abused Miller on the morning in question, including preventing her from contacting family or

---

[1] Cummings does not assert the law in the jury instructions was incorrect, so we will examine his claims in view of the instructions given to the jury.  *See State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006).

police. Miller feared things were getting out of control after Cummings terminated her phone calls. The verbal abuse then culminated with a physical altercation both in the car and the parking lot of Miller's employment. While Miller did initially have a grip on Cummings's sweatshirt in order to obtain the Town Car keys, she let go of the sweatshirt after she was kicked in the chest by Cummings. Cummings then threw an ice scraper at Miller as he exited the vehicle. Next, Cummings grabbed Miller's purse and ripped it from her arm, leaving bruises, breaking the straps, and spilling the contents onto the ground. Finally, he grabbed Miller's wrist and squeezed, again leaving marks and drawing blood. While Cummings claims his actions were motivated by his desire to retrieve his shoe from Miller, this motivation does not negate a finding by the jury that he acted with the intent to cause pain or injury, with the intent that his physical contact would be insulting or offense, or with the intent to place Miller in fear of painful, injurious, insulting, or offensive contact. Miller's possession of Cummings's shoe does not justify Cummings's physical assault on Miller. We conclude substantial evidence supports the jury's verdict in this case and the district court correctly denied Cummings's motion for judgment of acquittal.

Likewise, we conclude Cummings cannot prove his counsel breached an essential duty or that he suffered prejudice as a result of counsel's failure to file a motion for new trial challenging the weight of the evidence to support the verdict. If such motion had been filed by counsel, we conclude, based on the evidence in the record, the court would not have granted such motion because the evidence does not preponderate heavily against the verdict. *See State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010) (noting the district court's discretion to grant a new

trial based on the weight of the evidence "should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict" (citation omitted)). Because the court would not have granted such a motion if counsel had filed it, we conclude Cummings cannot prove his ineffective-assistance-of-counsel claim. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[W]e have held that counsel has no duty to raise an issue that has no merit.").

## IV. Prior Crimes—Mistrial.

Next, Cummings claims the district court should have granted his motion for mistrial when Miller volunteered during her testimony that Cummings said, as he was walking away, "to call the . . . police because he was ready to go back to prison." Prior to trial, Cummings had filed a motion in limine seeking to exclude evidence of his "prior convictions, character, and/or other bad acts, arrests, including but not limited to reference to active arrest warrants, or reference to defendant's parole status." This motion was granted upon the consent of the State not to admit this type of evidence unless Cummings opened the door. In addition, the State agreed to advise Miller that any prior incidents or bad acts by Cummings should not be volunteered.

The question the State had asked Miller when Miller volunteered this information was where Cummings went after he put his shoe on. The State then asked two more questions of Miller before defense counsel asked to approach the bench and defense counsel made a motion for mistrial outside the presence of the jury.[2] The State agreed the jury could be admonished to disregard the

---

[2] The State asserts on appeal Cummings did not preserve error because he failed to object to the statement when it was made and the motion in limine did not address this

statement, but Cummings's attorney insisted such an admonishment would not be sufficient "because the well has been poisoned."

In denying the motion for mistrial, the court noted the statement did not violate the court's in limine ruling because it did not convey Cummings's prior record or prior bad acts but was instead informing the jury what Cummings said after the assault. The court concluded the statement was in the nature of an admission and an acknowledgement that Cummings had done something wrong. In addition, the court found the statement was more probative than prejudicial.

Under Iowa Rule of Evidence 5.404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person, but it may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This is not an exhaustive list of exceptions. *State v. Nelson*, 791 N.W.2d 414, 425 (Iowa 2010) ("The examples listed in rule 5.404(b) are not exclusive; rather, '[t]he important question is whether the disputed evidence is "relevant and material to some legitimate issue other than a general propensity to commit wrongful acts."'" (alteration in original) (citations omitted)). Assuming for the sake of this appeal that stating a person has previously been in prison meets the definition of "other crimes, wrongs, or acts," the evidence would be admissible under rule 5.404(b) if it was otherwise relevant and material to a fact at issue and its probative value was not substantially outweighed by the danger of unfair prejudice. *Id.*

---

specific statement despite the fact the statement was contained in the police report. Without resolving the error preservation concerns, we will address the merits of Cummings's claim. *See State v. Webster*, 865 N.W.2d 223, 232 (Iowa 2015) ("For the purposes of this appeal, we address the underlying merits of the bias claim without deciding the question of preservation.").

It was Cummings's defense at trial and on appeal that he did not intend to assault Miller during the altercation, but he was merely trying to get his shoe back from her. The statement in this case—for Miller to call the police because Cummings was ready to go back to prison—was relevant to show he recognized what he did during the altercation was wrong. *See State v. Mitchell*, 450 N.W.2d 828, 832 (Iowa 1990) (holding the defendant's attempted suicide after the crime was admissible to show consciousness of guilt when the defendant and victim had such disparate views of the same incident). In addition, while Miller's statement indicated Cummings had previously been in prison, there was no indication what prior crime or wrong he had committed to be placed in prison. The evidence did not show Cummings was a bad guy but showed he was aware he had done something wrong during this altercation with Miller. Because the evidence was relevant, not unduly prejudicial, and did not violate rule 5.404(b), we conclude the district court did not abuse its discretion when it denied Cummings's motion for mistrial.

**V. Conclusion.**

Cummings's conviction is supported by substantial evidence, and therefore, we conclude the court did not err in denying the motion for judgment of acquittal. Likewise, we conclude Cummings cannot prove his counsel provided ineffective assistance by failing to file a motion for new trial based on the weight of the evidence. Finally, we conclude the court did not abuse its discretion in denying Cummings's motion for mistrial when the complaining witness testified Cummings had previously been in prison. Cummings's conviction is affirmed.

**AFFIRMED.**